# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                             :

        Plaintiff,                      Case No. 3:07-cr-142

                             :           District Judge Thomas M. Rose

      -vs-                         Magistrate Judge Michael R. Merz

WILLIAM J. PIKE, JR.,

                             :

        Defendant.

---

# REPORT AND RECOMMENDATIONS

---

        This case is before the Court on Defendant's Motion to Correct Sentence (Doc. No. 61) in which he claims that he is entitled to a two-point reduction in his base offense level under the Sentencing Guidelines because the offense of which he was convicted is now classified as a non-violent offense.

        Defendant was sentenced on February 5, 2008 (Doc. Nos. 36, 37).  He appealed to the United States Court of Appeals for the Sixth Circuit and his conviction and sentence were affirmed on appeal on August 19, 2009 (Doc. No. 46).  The current argument was not made on direct appeal.  On October 28, 2010, Defendant filed his first Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 50).  That Motion was denied January 5, 2011 (Doc. No. 56); the current claim was not raised in that Motion.  Two weeks later, Mr. Pike filed a second § 2255 Motion (Doc. No. 58) which this Court transferred to the Sixth Circuit for a determination of whether Mr. Pike would be permitted to proceed (Doc. No. 59).  The Court of Appeals denied that permission on November 8, 2011 (Doc. No. 60).  The instant Motion followed on June 8, 2012.

Although Pike has not labeled his Motion as being brought under § 2255, that is the only statue which grants this Court the authority to consider the sentence modification he seeks. However, this Court lacks jurisdiction to consider a second or successive § 2255 motion without the prior permission of the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147 (2007).

The Sixth Circuit has recently instructed that, while it must grant permission to proceed with a second or successive habeas petition or § 2255 motion, the district court must determine in the first instance whether a petition or motion is second or successive. *In re: Bobby T. Sheppard*, Case No. 12-3399 (May 25, 2012)(unreported). The instant Motion plainly is: Defendant's first § 2255 Motion was denied on the merits.

Therefore the instant Motion should be dismissed without prejudice for lack of jurisdiction unless Pike obtains permission from the Sixth Circuit to proceed.

June 9, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).